State, Washington B. & L. Ass'n, pros., v. Creveling, Collector, &c.

THE STATE, THE WASHINGTON BUILDING AND LOAN ASSOCIATION, PROSECUTOR, v. JACOB V. CREVELING, COLLECTOR, &c.

1. Mutual loan and building associations are to be assessed and taxed at the full amount of their capital stock and accumulated surplus.
2. The fund which has accrued from monthly payments on shares, from premiums and interest on loans, and from fines, is the full amount of the capital stock and accumulated surplus of such association; the former being the aggregate of the monthly payments on stock, which, by the fundamental law of the association, are made obligatory on all stockholders alike, while other payments, which are in effect optional with those who make them, represent the profits of the scheme, and make up the accumulated surplus.

On *certiorari*. In matter of taxation.

Argued at February Term, 1877, before Justices DALRIMPLE and WOODHULL.

For the prosecutor, *Oscar Jeffery*.

For the defendant, *Joseph Vliet*.

The opinion of the court was delivered by

WOODHULL, J. This writ brings under review an assessment for taxes against the prosecutor for the year 1875, in the borough of Washington, in the county of Warren.

The prosecutor is an association incorporated under the act of February 28th, 1849, to encourage the establishment of mutual loan and building associations. *Nix. Dig.* 92; *Rev.*, *pp.* 92, 93.

When called on by the assessor, the secretary of the association returned to him $101,400, as the amount of bonds, mortgages and notes then held by the association as securities for money loaned to its stockholders and others, as provided for in its constitution.

The assessor declined to make any deduction from the amount stated, and the commissioners of appeal sustained his decision.

It is insisted, on the part of the prosecutor, that this assessment should either be set aside, on the ground that the association has no taxable interest in the property for which it has been assessed, or should, at all events, be reduced to the amount actually due and owing on the securities at the time of the assessment.

The prosecutor, being a private corporation of this state, and not within any of the exceptions specified in Section 15 of the act of 1866, (*Nix. Dig., p.* 954, *pl.* 97,) is, by that section, required to be assessed and taxed at the full amount of its capital stock paid in, and accumulated surplus.

The object of the association, as stated in Article I. of its constitution, is the accumulation of a fund by the savings of the members thereof sufficient to enable them to purchase lots, or to build or purchase for themselves dwelling-houses, or to invest in such manner as they may deem most advantageous.

The constitution further provides—1. That the number of shares of stock issued by the association shall not exceed one thousand. *Art. II.* 2. That every stockholder, for each share of stock held by him, shall pay the sum of $1 on the third Tuesday in each month, to the treasurer, or such other person as may be authorized by the association to receive the same. *Art. IV.* 3. And that whenever the board of directors shall have ascertained that the value of each share amounts to $200, a meeting of the stockholders shall be convened, at which time the owner of each share of stock shall receive the sum of $200, or his own securities to that amount, fully satisfied and discharged of record, and then the association shall determine and close. *Art. XIII.*

It is not probable that the bonds, mortgages and notes returned to the assessor, represented the entire fund which the association had accumulated up to that time.

The annual report for 1875 shows that, at the close of that year, the net assets exceeded the amount of the bonds, mort-

gages and notes then held by the association, by nearly $4000.

For the purposes of this case, however, it may be assumed that these securities represented the entire fund which had been accumulated at the time of the assessment, and which was then held by the association for its corporate purposes.

This fund, which had accrued from monthly payments on shares, from premiums and interest on loans, and from fines, was the full amount of the prosecutor's capital stock paid in, and accumulated surplus—the former being the aggregate of the monthly payments on stock, which, by the fundamental law of the association, are made obligatory on all stockholders alike, while other payments, which are, in effect, optional with those who make them, represent the profits of the scheme, and make up the accumulated surplus.

My conclusion, therefore, is that, as the assessment in question does not exceed the full amount of its capital stock paid in, and accumulated surplus, the prosecutor has no just ground of complaint against it.

If it should be held that the prosecutor has no capital stock in the sense of the act, the result would be the same. For, in that case, the prosecutor would be assessable under that part of the fifteenth section which provides that such corporations as have no capital stock, &c., shall be assessed for the full amount of their property and valuable assets, &c.; and the full amount of the prosecutor's property and valuable assets, at the time of the assessment, would be precisely measured by the amount of the corporate fund which the prosecutor had accumulated and then held in its treasury.

The assessment should be affirmed, with costs.